**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

Civil Action No. _____

TERESA CHAVEZ,

    Plaintiff,

v.

DOLLAR TREE INC., dba DOLLAR TREE STORES, INC.
Dba DOLLAR TREE, ELIZABETH GALLES,
MELANIE POLYARD, VALERIE DOE,
ENTITIES, CORPORATIONS AND PARTNERSHIPS 1-10,
and JOHN and JANE DOES 1-10,

    Defendants.

## NOTICE OF REMOVAL

Defendant Dollar Tree, Inc. ("Defendant"), by and through counsel, Hall & Evans LLC, and pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1446, submits this notice of removal based on diversity jurisdiction for the purposes of removing the above-entitled action from the Second Judicial District Court, Bernalillo County, Case No. D-202-CV-2020-04755 to the United States District Court for the District of New Mexico, and in support of this removal, states as follows:

1. Plaintiff Teresa Chavez ("Plaintiff") is a resident of Albuquerque, New Mexico. *See* Complaint for Personal Injuries and Damages, attached as **Exhibit A** at ¶ 1.

2. Defendant Dollar Tree Inc. is a foreign corporation with its principal place of business located in Virginia. Therefore, for purposes of diversity of citizenship under 28 U.S.C. § 1332, Dollar Tree Inc. is deemed to be a citizen of the state of Virginia.

3. As more thoroughly set forth below, Defendants Elizabeth Galles, Melanie Polyard, and Valerie Doe[1] (Kabella) have been fraudulently joined. For that reason, their consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A) (consent required only by "defendants who have been properly joined and served") *Knight v. Mooring Capital* Fund, 749 F.3d 1180, 1183-84 (10th Cir. 2014); *see also United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

4. On August 20, 2020, Plaintiff filed a civil action against Defendant in the Second Judicial District Court, County of Bernalillo, State of New Mexico, Case No. D-202-CV-2020-04755, *Teresa Chavez. v. Dollar Tree, Inc., et.al*. *See* Ex. A.

5. Plaintiff alleges that she slipped and fell on a "wet substance" as she was walking in the Dollar Tree store located at 3301 Coors Blvd., NW, Albuquerque, New Mexico. *Id*. at ¶¶ 20-21.

6. Plaintiff alleges the following unspecified injuries and damages "physical injuries, emotional injuries, past incurred and future medical expenses, loss of life's enjoyment, loss of household services, permanent scarring, severe emotional and physical pain and suffering and incidental damages all to Plaintiff's great loss in an amount to be proven at trial." *Id*. at ¶ 31.

7. Based on the alleged injuries, it appears the amount in controversy exceeds $75,000.00, and thus, satisfies the jurisdictional requirement set forth in 28 U.S.C. § 1332. "The amount in controversy is ordinarily determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the petition for removal." *See Lonnquist v. J. C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970).

---

[1] The complaint named Valerie Doe. Upon information and belief, Plaintiff meant to name Valerie Kabella.

8. Here, given Plaintiff's alleged damages, it appears the amount in controversy in this case exceeds the jurisdictional requirement. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert amount in controversy"). "[A] plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount. This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant." *McPhail*, 529 F.3d 947, 955 (10th Cir. 2008). "A complaint that presents a combination of facts and theories of recovery may support a claim in excess of $75,0000 can support removal." (*Id.* at 955), and "[a] recovery on its face may be sufficient by itself to support removal." *Id.* at 957.

9. Further, The United States Court of Appeals for the Tenth Circuit has held:

> [T]the removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done--by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] **by reference to the plaintiff's informal estimates or settlement demand**s[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. The list is not exclusive . . .

*McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008)(emphasis added). Thus, settlement demand is admissible and relevant evidence regarding the amount in controversy. *Valdez v. Byers*, No. 09-cv-00764-CMA-CBS, 2009 U.S. Dist. LEXIS 46086, at *5-6 (D. Colo. May 20, 2009).

10. Accordingly, where the State Court Complaint does not establish the amount in controversy on its face, a defendant seeking removal may establish the requirement by reference to the Plaintiff's settlement demands, in addition to other items.

**Diversity of Citizenship Exists Between Properly Joined Parties**

11. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists where: (1) the suit is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of costs and interest. *Calloway v. Bank of America Corp.*, 646 F. Appx. 578, 580 (10th Cir. 2016).

12. Complete diversity exists between the relevant parties to this action. The Complaint alleges that Plaintiff is a resident of Bernalillo County, New Mexico. *See* Exhibit A at ¶ 1. Therefore, upon information and belief, Plaintiff is a citizen of the state of New Mexico.

13. Defendant is a corporation and existing under the laws of the state of Virginia with its principal place of business located in Virginia. Defendant is therefore considered to be a citizen of the state of Virginia.

14. According to the Complaint, Defendants Galles, Polyard, and Doe (Kabella) are residents of New Mexico. *See* Ex. A at ¶¶ 4-6. As discussed more thoroughly below, however, because they have been fraudulently joined, their citizenship must be disregarded for the purpose of diversity analysis.

15. Because Plaintiff is a citizen of New Mexico and Defendant is a citizen of Virginia, complete diversity exists between the relevant parties to this action.

**Defendants Galles, Polyard and Doe (Kabella) have been Fraudulently Joined**

16. The framers specifically granted federal courts with jurisdiction over cases in which the parties are citizens of different states to provide an even playing field and protect against local bias. *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) ("the purpose of diversity jurisdiction, which is, after all to protect the out-of-state defendant"). It is a "common strategy" in litigation such as this "to name local parties . . . as defendants" in an attempt to defeat defendant

corporations' "right to remove a case to federal court." *Legg v. Wyeth*, 428 F.3d 1317, 1322-23 (11th Cir. 2005); *see also In re: Diet Drugs*, 220 F. Supp 2d. 414, 425 (E.D. Pa. 2002) (admonishing plaintiffs for naming sales representative defendants and "engaging in improper efforts to prevent" corporate defendant from removing cases to federal court). Where a resident defendant is fraudulently joined, its inclusion as a defendant will not defeat removal because "fraudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1318 (9th Cir. 1998); *see also Legg*, 428 F.3d at 1325; *Lowell Staats Min. Co. v. Philadelphia Elec. Co.*, 651 F. Supp. 1364, 1368 (D. Colo 1987) (recognizing that the citizenship of non-diverse defendants may be disregarded "where joinder was made without any reasonable basis and was designed to solely defeat diversity or removal") (internal citations omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) ("the potential for legal liability must be reasonable, not merely theoretical"); *Bandon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n4 (5th Cir. 2000) (a "mere theoretical possibility of recovery under local law" is insufficient to preclude removal); *Nance v. Certain Underwriters of Lloyds*, 393 F. Supp. 2d 1115, 1120 (D. N.M. 2005) (quoting Moore's Federal Practice § 104.14[2][c][iv][A] ("in determining diversity of citizenship, courts 'must disregard nondiverse parties that are fraudulently joined'"). Moreover, "the citizens upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Lenon v. St.Paul Mercury Ins. Co.*, 136 F.3d 1365, 1369 (10th Cir. 1988) (quoting *Navarro Savings Association v. Lee*, 446 U.S. 458, 460-61 (1980)).

17.     Here, Defendants Galles, Polyard, and Doe (Kabella) are not proper parties to this lawsuit and their presence is merely an attempt by Plaintiff to preclude federal jurisdiction.

18. Upon information and belief, defendants Polyard and Galles have not yet been served.

19. Defendant Valerie Kabella was not a Dollar Tree employee at the time of the alleged slip and fall. Indeed, she was not hired by Dollar Tree until October 2019 – nearly two years after the alleged incident.

20. Further, defendant Melanie Polyard is the district manager. She was not present at the subject Dollar Tree store on the date of the alleged slip and fall and had nothing to do with supervision, retention, or hiring of the subject store's employees.

21. Plaintiff asserted only generic allegations against defendants Galles, Polyard, and Doe (Kabella). For example, she stated: "Defendants Elizabeth Galles, Melanie Polyard, Valerie Doe and John or Jane Does 1-10 were employees, agents, and/or contractors of Defendant Dollar Tree, and at all relevant times were employed in a managerial and/or supervisory capacity acting on behalf of their employers and were acting in the course and scope of their employment at the time of the incident and at all relevant times." *See* Ex. A, ¶ 9. Clearly, Valerie Kabella was not acting in this capacity, as she was not a Dollar Tree employee for almost two years following the alleged incident.

22. The allegations against Defendants Galles, Polyard, and Doe (Kabella) fail to state a valid claim and were only added in an attempt to destroy diversity jurisdiction and prevent removal in order to obtain a more favorable venue. Alternatively, Plaintiff's allegations establish that Galles, Polyard and Doe (Kabella) are "nominal" defendants to this action and the Court should not consider them for purposes of determining diversity jurisdiction. *Lenon*, 136 F.3d 1365, 1369 (10th Cir. 1988) (internal citations omitted).

23. There are no legally supportable arguments Plaintiff can make to support the claims or allegations he asserted individually against Galles, Polyard, and Doe (Kabella) in this case and the Court should disregard them for purposes of its jurisdictional analysis.

24. Under 28 U.S.C. § 1446(b), Defendant is required to file its Notice of Removal within 30-days of service of the Complaint and summons. Here, Dollar Tree was served three times – September 23, 24 and 25, 2020. Therefore, this notice of removal is timely filed.

25. Based on the foregoing, this action is properly removable pursuant to 28 U.S.C. § 1441(a), because it is a suit over which the United States District Court for the District of New Mexico would have original diversity jurisdiction pursuant to 28 U.S.C. § 1332.

26. Venue is proper before United States District Court for the District of New Mexico because it is the District Court for the district within which the action is pending in accordance with 28 U.S.C. §1446(a); pursuant to 28 U.S.C. § 1391(b)(2).

27. The time for Defendant to answer, move or otherwise plead with respect to the Complaint has not yet expired.

28. Defendant will serve and certify service of copies of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(d).

29. Defendant will file a copy of this Notice of Removal with the Clerk of the Second Judicial District, County of Bernalillo, State of New Mexico pursuant to 28 U.S.C. § 1446(d). *See* copy of state court Notice of Filing of Notice of Removal, attached as **Exhibit B**.

30. Defendant hereby certifies that a trial in this matter has not been set, nor has a scheduling order been issued. In accordance with D.N.M.LR-Civ 81.1 and 28 U.S.C. § 1446(a), a copy of the state court action docket sheet is attached and the following instruments, which were filed in the New Mexico state court action, are attached hereto as designated below:

| | |
|---|---|
| **Exhibit A** | Complaint |
| **Exhibit B** | Notice of Filing Notice of Removal |
| **Exhibit C** | Arbitration Certificate |
| **Exhibit D** | Affidavit of Attempted Service – Polyard |
| **Exhibit E** | Affidavit of Attempted Service - Galles |
| **Exhibit F** | Summons Served – Dollar Tree |
| **Exhibit G** | Summons Served – Doe (Kabella) |
| **Exhibit H** | Docket for Case No. D-202-CV-2020-04755 |

31. Plaintiff did not demand a trial by jury.

32. Defendant complied with all of the requirements of 28 U.S.C. § 1446.

33. All grounds for removal from State District Court have been met, and Defendant so certifies pursuant to Rule 11 of the Federal Rules of Civil Procedure.

34. Defendant reserves the right to amend or supplement this Notice of Removal.

35. If any questions arise as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and requests oral argument in support of removal.

WHEREFORE, for the foregoing reasons, Defendant seeks the following relief: (1) removal of the State Court Action to the United States District Court for the District of New Mexico; (2) that this Court assume jurisdiction over the case; and (3) that this Court enter any and all such further orders as may be necessary and proper for the continuation of this action.

Respectfully submitted this 23rd day of October, 2020.

> Respectfully submitted,
>
> HALL & EVANS, LLC
>
> By: *Jared Najjar*_____
>    Jared D. Najjar
>    1001 17th Street, Ste. 300
>    Denver, CO 80202
>    505-982-8514
>    najjarj@hallevans.com
>
> ***Attorneys for Dollar Tree, Inc.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served this 23rd day of October, 2020 via both CM/ECF and via electronic mail upon the following email addresses:

*Attorneys for Plaintiff*
Linda J. Rios, Esq.
PO Box 3398
Albuquerque, NM  87190
505-232-2298

*Original Signature on file at the offices of
Hall & Evans, LLC*

*s/ Renee Godfrey*
Renee Godfrey, Legal Assistant