EXHIBIT A

FILED
2ND JUDICIAL DISTRICT COURT
Bernalillo County
8/20/2020 7:58 AM
CLERK OF THE COURT
Blair Sandoval

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

TERESA CHAVEZ

        Plaintiff,

v.                                                                          No. D-202-CV-2020-04755

DOLLAR TREE INC. dba DOLLAR TREE STORES, INC.
dba DOLLAR TREE, ELIZABETH GALLES,
MELANIE POLYARD, VALERIE DOE,
ENTITIES, CORPORATIONS AND PARTNERSHIPS 1-10,
and JOHN and JANE DOES 1-10,

        Defendants.

**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES**

PLAINTIFF, Teresa Chavez, by and through her attorney of record, RIOS LAW FIRM PC (Linda J. Rios, Michael G. Solon, Daniel P. Ulibarri) states and alleges:

**I.
GENERAL ALLEGATIONS, JURISDICTION AND VENUE**

1.    Plaintiff Teresa Chavez (hereinafter "Plaintiff"), is a resident of Albuquerque, Bernalillo County, State of New Mexico, and held such residency at all pertinent times.

2.    Upon information and belief, Dollar Tree Inc., is the company doing business as Dollar Tree Stores, Inc. and Dollar Tree (all Dollar Tree entities hereinafter collectively referred to as "Dollar Tree"). Dollar Tree is a for-profit corporation doing business as Dollar Tree in Albuquerque, County of Bernalillo, State of New Mexico.

3.    Defendant Dollar Tree, is registered with the New Mexico Secretary of State as Dollar Tree Stores Inc. and operated the Dollar Tree #2664 located at 3301 Coors Blvd. NW, Albuquerque, Bernalillo County, New Mexico.

1

**EXHIBIT A**

      4.      Upon information and belief, at all relevant times, Defendant Elizabeth Galles is/was employed as a manager for Defendant Dollar Tree and was a resident of Bernalillo County, State of New Mexico.

      5.      Upon information and belief, at all relevant times, Defendant Melanie Polyard is/was employed as a district manager for Defendant Dollar Tree and was a resident of Bernalillo County, State of New Mexico.

      6.      Upon information and belief, at all relevant times, Defendant Valerie Doe is/was employed as a manager for Defendant Dollar Tree and was a resident of Bernalillo County, State of New Mexico.

      7.      Upon information and belief, at all times pertinent hereto, Defendant Dollar Tree and Entities, Corporations, and Partnerships 1-10, operated, leased, managed, owned and/or controlled the premises known as Dollar Tree located at 3301 Coors Blvd. NW, in Albuquerque, New Mexico.

      8.      Defendant Dollar Tree, their management team and employees were responsible for the operation and maintenance of the Dollar Tree premises at 3301 Coors Blvd. NW, Albuquerque, New Mexico.

      9.      Upon information and belief, Defendants Elizabeth Galles, Melanie Polyard, Valerie Doe and John or Jane Does 1-10 were employees, agents, and/or contractors of Defendant Dollar Tree, and at all relevant times were employed in a managerial and/or supervisory capacity acting on behalf of their employers and were acting in the course and scope of their employment at the time of the incident and at all relevant times.

      10.     At all relevant times, Defendants Elizabeth Galles, Melanie Polyard, Valerie Doe and John or Jane Does 1-10 jointly or in their individual capacity were responsible for the

EXHIBIT A

operation, supervision, management and maintenance of the Dollar Store made the basis of this Complaint and were acting in a managerial capacity or as a person in control of employees and the store operations on behalf of Defendant Dollar Tree.

11. At all material times, the individual Defendants were employees, agents, contractors and/or servants of Defendant Dollar Tree who is or could be liable under the doctrines of agency, vicarious liability, respondeat superior and joint and several liability.

12. Based upon the principles of respondeat superior and agency theories, Defendant Dollar Tree is vicariously liable for the actions or inactions of Defendant managers and employees including Elizabeth Galles, Melanie Pollard, Valerie Doe and John and Jane Does 1-10.

13. Upon information and belief, at all relevant times, Defendants, jointly or in their individual capacity, acted in a position of control, supervision or authority over the premises known as Dollar Tree, 3301 Coors Blvd., NW, Albuquerque, New Mexico.

14. Those fictitious Defendants named herein, John and Jane Doe 1-10, their true names and capacities being unknown at this time to Plaintiff, whose involvement with this case once it becomes known, will cause Plaintiff to move to amend this Complaint naming such Defendants by their true identity and further identifying their actionable conduct pursuant to the New Mexico Rules of Civil Procedure. At all relevant times, each Defendant, including any Defendant fictitiously named, was acting as the owner, agent, servant, insurer, employee, contractor, partner or joint venture in doing the things alleged herein, and is responsible in some capacity for the damages claimed herein by Plaintiff.

15. The Defendants entities, corporations, partnerships 1-10, inclusive, are sued under fictitious names, their true names and capacities being unknown at this time to Plaintiff, who is

**EXHIBIT A**

informed and believes and thereon alleges that said Defendants are responsible in some manner for the events and happenings referred to herein, and will ask leave of the Court to amend this Complaint to show their true names and capacities when the same have been ascertained. At all relevant times each Defendant, including any Defendant fictitiously named was acting as the owner, subsidiary, agent, servant, insurer, partner, or joint venture of each other Defendant in doing the things alleged herein, and is responsible in some manner for the damages claimed herein by Plaintiff.

16. Upon information and belief Defendant Dollar Tree is the named insured on the applicable liability insurance policy held by Dollar Tree, for general/liability claims occurring at 3301 Coors Blvd. NW, Albuquerque, New Mexico 87120.

17. All events giving rise to this complaint occurred in Albuquerque, County of Bernalillo, State of New Mexico. All causes of action against said Defendants herein arise directly from their activities conducted within Albuquerque, County of Bernalillo, State of New Mexico.

18. This Court has jurisdiction over the parties and the subject matter of this action.

19. Venue is proper in this Court.

## II.
## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

20. On or about December 20, 2017, Plaintiff Teresa Chavez was a customer at the Dollar Tree located at 3301 Coors Blvd. NW, Albuquerque, New Mexico.

21. Plaintiff Teresa Chavez was walking in the Dollar Tree store near the front area when she slipped and fell as a result of a wet substance on the floor.

**EXHIBIT A**

22.     At no time were there any signs or barricades closing off the area or warning customers such as Plaintiff that there was a liquid substance on the floor which created a dangerous condition making the area unsafe for foot traffic.

23.     Defendants Elizabeth Galles, Valerie Doe, and employees and managers Does 1-10 failed to prevent the formation or occurrence of a wet and dangerous substance forming on the floor where customers and employees were known to walk.

24.     According to Sedgwick Claims Management Services, a third-party administrator for Dollar Tree Inc, Defendant Elizabeth Galles was working as a manager at the store when Plaintiff fell.

25.     Defendant Elizabeth Galles documented Plainitff's fall in an incident report.

26.     At all times hereto, upon information and belief, Defendants Elizabeth Galles, Melanie Polyard and Valerie Doe, were employed by Defendant Dollar Tree in a managerial and/or supervisory capacity on the date of incident and were responsible for the management and oversight of employees and the store premises. This included the implementation of safety protocols and procedures, cleaning protocols and procedures and the training of employees in the policies and procedures required to safely operate and maintain the Dollar Store for the safe accessibility of all customers and the general public.

27.     At all times hereto, Defendants, jointly and severally, had a duty to use ordinary care to avoid a foreseeable risk of injury to anyone walking in and around the Dollar Tree store, to maintain the walking areas in a reasonably safe condition and to prevent an unsafe condition to exist in the store or upon the premises.

28.     At all times pertinent hereto, Plaintiff exercised reasonable care for her own safety.

29. At all relevant times, Defendants, jointly and severely, did fail to use ordinary care in the management, training, operation and maintenance of the Dollar Tree, located at 3301 Coors Blvd. NW, Albuquerque, New Mexico.

30. As a direct and proximate result of Defendants' breach of their duties, Plaintiff fell and suffered serious injury to her body.

31. As a direct and proximate result of the Defendant's wrongful conduct, Plaintiff did suffer injuries and damages including, but not limited to, physical injuries, emotional injuries, past incurred and future medical expenses, loss of life's enjoyment, loss of household services, permanent scarring, severe emotional and physical pain and suffering and incidental damages all to Plaintiff's great loss in an amount to be proven at trial.

## III.
## NEGLIGENCE

32. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully set forth herein.

33. Defendants, jointly and severally, owed Plaintiff a duty to use reasonable, ordinary care in the management and operation of the Dollar Store.

34. The area where Plaintiff fell was under the supervision, maintenance and control of the Defendants.

35. Defendants, jointly and severally, owed Plaintiff a duty of reasonable, ordinary care in the maintenance of the store for use by patrons, employees and the public at large.

36. Defendants, jointly and severally, had a duty to maintain the Dollar Tree store located at 3301 Coors Blvd. NW, Alb., NM, in a safe condition so as to avoid the risk of injury to customers and the public at large.

37. Defendants, jointly and severally, owed Plaintiff a duty to use reasonable, ordinary care to clean, correct, eliminate, warn and/or prevent the accessibility or usage of any areas presenting a dangerous and hazardous condition on the premises.

38. Defendants, jointly and severally, knew or should have known that the wet, slippery substance on the floor in the area where the public would walk into the store was in an unsafe condition presenting a foreseeable risk of danger to anyone traversing the area and failed to take proper steps to remedy the condition.

39. Defendants failed to inspect the area, examine and ensure the walking areas were in a reasonable condition for customers and employees traversing the area.

40. Defendants failed to close off, barricade, use signage or to clean the area which presented a foreseeable risk to customers and employees walking in the area.

41. Defendants, jointly and severally, breached their duty of ordinary care to Plaintiff and are liable for any wrongful act or omission.

42. Defendants, jointly and severally, have a non-delegable duty to maintain their store in a safe condition, and the wet, slippery floor that caused Plaintiff to fall and sustain injury was under the exclusive control of Defendants.

43. Defendants knew or should have known that failing to properly inspect and clean up the wet substance on the floor in the walking area would create an unreasonably dangerous risk to customers and employees.

44. Defendants, jointly and severally, owed a duty to use ordinary care to supervise, perform regular inspections, conduct clean up and oversee the maintenance of the area leading into the Dollar Tree to protect Plaintiff and other patrons and members of the public, from the

dangerous condition and/or to warn them and prevent exposure to the dangerous area on the premises.

45. Defendants failed to prevent the formation or occurrence of a dangerous condition on the premises.

46. Defendant's failure to warn patrons of the dangers and immediately clean up the wet substance on the floor was knowing and reckless.

47. Defendants have a non-delegable duty to maintain their premises in a safe condition.

48. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff did suffer injuries and damages including, but not limited to, physical injuries, emotional injuries, past incurred and future medical expenses, loss of life's enjoyment, loss of household services, permanent scarring, severe emotional and physical pain and suffering and incidental damages all to Plaintiff's great loss in an amount to be proven at trial.

## IV.
## RESPONDEAT SUPERIOR

49. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully set forth herein.

50. Upon information and belief, at all relevant times, Defendants Elizabeth Galles, Melanie Polyard, Valerie Doe, and John and Jane Doe were employees, agents, contractors or servants of Defendant Dollar Tree, and/or Defendant Entities, Corporations and Partnerships 1-10.

51. Defendants Elizabeth Galles, Melanie Polyard, Valerie Doe, John and Jane Doe manager(s) and/or employees of Defendant Dollar Tree, were acting within the course and scope

**EXHIBIT A**

of that relationship and in furtherance of the legitimate business activities of Defendant Dollar Tree and/or Defendant Entities, Corporations and Partnerships 1-10.

52. In this capacity, Defendant Dollar Tree and/or Defendant Entities, Corporations and Partnerships 1-10 had a duty and obligation to use reasonable, ordinary care in the operation and maintenance of the Dollar Tree store and in the training and management of their employees John and Jane Does 1-10, and did fail to provide a safe premises for Plaintiff and did fail to properly manage and train their employees.

53. Upon information and belief, Defendants Elizabeth Galles, Melanie Polyard, Valerie Doe and John and Jane Does 1-10 had discretionary and decision-making authority to act in the course and scope of their employment and had a duty and an obligation to use reasonable, ordinary care in the operation, maintenance, and safety of the store and the supervision, training and management of the employees and did fail to do so which resulted in an unsafe Dollar Tree store for customers such as Plaintiff.

54. Defendants Dollar Tree, and/or Defendant Entities, Corporations and Partnerships 1-10, jointly and severally, are liable for the actions, inactions, and omissions of management, employees and John and Jane Does 1-10 and the damages sustained by Plaintiff under the doctrine of respondent superior.

55. Based upon principles of respondeat superior, and theories of agency, Defendant Dollar Tree, is vicariously liable for the actions or inactions of Defendants Elizabeth Galles, Melanie Polyard, Valerie Doe and its employees and/or contractors and/or agents and/or servants.

56. Upon information and belief, Defendant Dollar Tree, approved or authorized or ratified the negligent or reckless conduct of Defendant Dollar Tree management and employees,

contractors, agents and/or servants.

57. Any act or omission of an employee or contractor of a Defendant corporation acting within the course and scope of its employment is an act or omission of the corporation.

58. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff did suffer injuries and damages including, but not limited to, physical injuries, emotional injuries, past incurred and future medical expenses, loss of life's enjoyment, loss of household services, permanent scarring, severe emotional and physical pain and suffering and incidental damages all to Plaintiff's great loss in an amount to be proven at trial.

## V.
## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION
## as to DEFENDANT DOLLAR TREE

59. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully set forth herein.

60. Upon information and belief, Defendant Dollar Tree was negligent in the hiring, training, supervision, staffing, and retention of employees including but not limited to Defendants Elizabeth Galles, Melanie Polyard, Valerie Doe and John and Jane Does 1-10.

61. Defendant Dollar Tree's negligence includes but is not limited to:

a) Inadequate management, training, and enforcement of policies and procedures regarding safe operating practices, cleaning protocols and procedures, and maintainance of safe store premises;

b) Inadequate supervision of employees;

c) Inadequate staffing;

62. As a proximate result of Defendant's negligent hiring, training, supervision and staffing practices, employees failed to identify the dangerous condition present on the floor,

failed to remedy or clean or remove the liquid from the floor allowing the liquid to remain on the flooring making a fall foreseeable.

63. Plaintiff slipped and fell in the liquid and suffered damages as more fully described herein.

64. As a direct and proximate result of the Defendant's wrongful conduct, Plaintiff did suffer injuries and damages including, but not limited to, physical injuries, emotional injuries, past incurred and future medical expenses, loss of life's enjoyment, loss of household services, permanent scarring, severe emotional and physical pain and suffering and incidental damages all to Plaintiff's great loss in an amount to be proven at trial.

## VI.
## RES IPSA LOQUITUR

65. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if fully set forth herein.

66. The injuries and damages caused to Plaintiff were caused by the hazardous condition created on or around the interior, entry walking area at the Dollar Tree store and such hazardous condition causing injury to Plaintiff was under the responsibility, management, supervision and control of Defendants, and/or their employees, contractors, agents or servants.

67. The event causing the injuries and damages to Plaintiff was of a kind, which does not ordinarily occur in the absence of negligence on the part of Defendants who were in exclusive control of the Dollar Tree.

68. Defendants, jointly and severally, are liable for the injuries and damages caused to Plaintiff under the doctrine of res ipsa loquitur.

69. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff

did suffer injuries and damages including, but not limited to, physical injuries, emotional injuries, past incurred and future medical expenses, loss of life's enjoyment, loss of household services, permanent scarring, severe emotional and physical pain and suffering and incidental damages all to Plaintiff's great loss in an amount to be proven at trial.

## VII.
## JOINT VENTURE AS TO DEFENDANTS

70.     Plaintiff re-alleges and incorporates by reference the previous paragraphs as though fully set forth herein;

71.     Upon information and belief, all Defendant Dollar Tree business entities are all inter-related businesses engaged in business together.

72.     Upon information and belief, the various Defendant Dollar Tree entities and/or Defendant Entities, Corporations and Partnerships 1-10 worked together to perform a common purpose of operating a business or engaging in the business of a retail establishment, providing numerous diverse products for customers to purchase.

73.     Upon information and belief, the various Defendant Dollar Tree entites and/or Defendant Entities, Corporations and Partnerships 1-10 had a proprietary interest in the ongoing business enterprises.

74.     Upon information and belief, the various Defendant Dollar Tree entities and/or Defendant Entities, Corporations and Partnerships 1-10 had mutual rights of control, shared in the profits, and had a duty to share in the losses.

75.     As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff did suffer injuries and damages including, but not limited to, physical injuries, emotional injuries, past incurred and future medical expenses, loss of life's enjoyment, loss of household

services, permanent scarring, severe emotional and physical pain and suffering and incidental damages all to Plaintiff's great loss in an amount to be proven at trial.

WHEREFORE, Plaintiff requests relief of this Court against Defendants as follows:

1. For compensatory damages in an amount to be proven at trial.

2. For all other damages proven at trial and as allowed by law.

3. For all costs incurred in the prosecution of this action to be reimbursed to Plaintiff by Defendants.

4. For interest on all sums awarded hereunder at the statutory rate from date of Judgment until paid in full.

5. For such other and additional relief as the Court may deem proper.

Respectfully Submitted,

RIOS LAW FIRM, P.C.

<u>/s/ *Linda J. Rios, Esq.*</u>
Linda J. Rios
ATTORNEY FOR PLAINTIFF
Post Office Box 3398
Albuquerque, New Mexico 87190
Telephone: (505) 232-2298