IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TERESA CHAVEZ

    Plaintiff,

v.                                                        Case No. 1:20-cv-01097-KWR-SMV

DOLLAR TREE, INC. d/b/a DOLLAR TREE STORES, INC.,
d/b/a DOLLAR TREE, ELIZABETH GALLES,
MELANIE POLYARD, VALERIE DOE, ENTITIES,
CORPORATIONS AND PARTENRSHIPS 1-10, and
JOHN and JANE DOES 1-10,

    Defendants.

## ORDER REMANDING CASE

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Remand to State Court, filed December 8, 2020 (**Doc. 6**). Having reviewed the pleadings and applicable law, the Court finds that Plaintiff's Motion is well taken and, therefore, is **GRANTED IN PART**. This case is remanded back to the Second Judicial District Court, Bernalillo County, State of New Mexico.

### BACKGROUND

Plaintiff slipped and fell in a Dollar Store in Albuquerque. Plaintiff alleges that customers had warned Defendants about a spilled puddle of pine-sol cleaner in an aisle but Defendants did not clean it up.

Plaintiff named Dollar Tree, but also named several individual New Mexico Defendants, including Defendant Elizabeth Galles, assistant store manager, Defendant Polyard, and Defendant

Valarie Kabella. Plaintiff alleges (1) negligence, (2) respondeat superior, (3) negligent hiring, training, and supervision, (4) res ipsa loquitur, and (5) joint venture.

## DISCUSSION

Defendants removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Although the parties are not completely diverse and diversity jurisdiction is lacking, Defendants argue that the Court in fact has diversity jurisdiction because the non-diverse individual Defendants were fraudulently joined. The Court concludes that Defendants failed to carry their heavy burden to show that the non-diverse Defendants were fraudulently joined. The Court therefore lacks diversity jurisdiction over this case and remands it back to state court.

**I.      Removal and Remand Standards.**

Federal courts are courts of limited jurisdiction. There is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Fajen v. Found. Reserve Ins. Co*., 683 F.2d 331, 333 (10th Cir.1982); *Martin v. Franklin Capital Corp.,* 251 F.3d 1283, 1290 (10th Cir. 2001). Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a non-diverse party fraudulently to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991). The citizenship of fraudulently joined defendants "should be ignored for the

purposes of assessing complete diversity." *See Dutcher v. Matheson*, 733 F.3d 980, 987-988 (10th Cir. 2013).

In evaluating a claim of fraudulent joinder, "all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). In other words, the removing party "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). This is a high bar for Defendants to meet, and poses a standard "more exacting than that for dismissing a claim under Fed.R..Civ.P. 12(b)(6)" and "which entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indemnity,* 211 F.3d 1278, 2000 WL 525592 at **1-2 (10th Cir. 2000).[1] The Court must "determine whether [the plaintiff] has any possibility of recovery against the party whose joinder is questioned." *Montano v. Allstate Indem.*, 211 F.3d 1278, at *1 (10th Cir. 2000); *see also Smoot v. Chicago, Rock Island & Pacific Railroad Co.*, 378 F.2d 879 (10th Cir.1967) (fraudulent joinder must be "established with complete certainty upon undisputed evidence.").

The party defending removal may carry this "heavy burden" and successfully assert fraudulent joinder by demonstrating either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013); *Black Iron, LLC v. Helm-Pacific*, 2017 WL 2623846, at *4 (D.Utah, 2017); *see also Montano v. Allstate,* 211 F.3d 1278,

---

[1] Many district courts within the Tenth Circuit have referred to the standard for fraudulent joinder as requiring clear and convincing evidence. *See Bristow First Assembly of God v. BP p.l.c.*, No. 15-CV-523-TCK-FHM, 2016 WL 5415792, at *2 n.1 (N.D. Okla. Sept. 28, 2016) (finding "no significant difference between the 'complete certainty' language in *Smoot* and the 'clear and convincing' language in other cases); *Spence v. Flynt*, 647 F.Supp. 1266, 1271 (D. Wyo.1986); *Castens v. Conseco Life Ins. Co.*, No. 11–CV–628–TCK, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1163 (D.N.M. 2015).

3

2000 WL 525592 at **1-2, 4 (10th Cir. 2000) (to prove fraudulent joinder, the removing party must demonstrate that there is "no possibility" that plaintiff would be able to establish a cause of action against the joined party in state court).

## II. The parties are not completely diverse and Defendants failed to prove there is no possibility of a cause of action against the non-diverse Defendants.

On its face, the complaint and notice of removal indicate a lack of diversity jurisdiction. In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (citation omitted). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.* Here, Plaintiff and Defendants Polyard, Doe/Kabella, and Galles are residents of New Mexico. Therefore, the parties are not completely diverse and this Court lacks diversity jurisdiction.

Defendants argue that Plaintiff fraudulently joined the non-diverse Defendants and cannot state a claim against them. The Court disagrees. The Court cannot say that there is no possibility that Plaintiff could assert negligence or negligent supervision or training claims against the individual non-diverse Defendants.

Defendants attached an affidavit from Valorie Kabella asserting that she was not hired until after the incident occurred. Even accepting this, Defendants have not established that there is no possibility of a claim against Defendants Galles and Polyard.

Defendants state in their response that Defendants Polyard and Galles were not in the store and were not responsible for supervising or training employees. The Court does not believe that counsel's representations are sufficient to establish fraudulent joinder. Plaintiff provided evidence that assistant store managers are responsible for supervising and training. Plaintiff alleges that

4

Galles was an assistant store manager at the time Plaintiff fell.  Polyard was a district manager. This type of dispute must be resolved on the merits and does not establish that there is no possibility of a claim against Polyard and Galles.

Therefore, the Court concludes that Defendants fell short of their heavy burden of proving that no cause of action exists or proving that there is "no possibility" that Plaintiff could assert claims against one of Defendants Polyard, Kabella, or Galles.  *Montano v. Allstate,* 211 F.3d 1278, 2000 WL 525592 at \*\*1-2, 4 (10th Cir. 2000); *Dutcher*, 733 F.3d at 988 ("The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.") (brackets and internal quotation marks omitted), *quoted in Long v. Halliday*, 768 F. App'x 811, 814 (10th Cir. 2019).

### III.  **Costs and Fees**.

Plaintiff asks for attorney fees and costs incurred in seeking remand, because there was a lack of complete diversity and Defendants' fraudulent joinder argument was not reasonable. **Doc. 6.**  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).  While an award of fees is within the discretion of the Court, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005).  Considering the totality of the circumstances, the Court concludes that Defendants

had an objectively reasonable basis for removal and did not remove this case to prolong litigation or impose costs on Plaintiff. Therefore, an award of attorney fees and costs to Plaintiff is not justified.

Moreover, Defendants had an objectively reasonable argument that the non-diverse defendants were fraudulently joined. Although Defendants failed to carry their burden of proving fraudulent joinder, their underlying argument was objectively reasonable.

## CONCLUSION

Because there was a lack of complete diversity at the time of removal, this Court lacks diversity jurisdiction over this case. 28 U.S.C. § 1447(c). Defendants have not carried their heavy burden of showing there is no possibility of claims against the non-diverse Defendants. Therefore, the Court grants in part Plaintiff's Motion to Remand. The Court declines to award attorney fees.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand **(Doc. 6)** is hereby **GRANTED IN PART** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Second Judicial District Court, Bernalillo County, State of New Mexico. The Clerk of Court is hereby directed to take the necessary actions to remand the case.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**